IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____

LORRIE SINCLAIR           :
25909 Rickmansworth Lane  :
Southriding, VA 20152     :
                          :
                          :
        Plaintiff,        :
                          :
    v.                    :         JURY DEMAND
                          :
ZETA PHI BETA SORORITY, INC. :
1734 New Hampshire Avenue, N.W. :
Washington, DC 20009      :
                          :
        Defendant         :
_____:

## PLAINTIFF'S MOTION FOR A
## PRELIMINARY AND PERMANENT INJUNCTION

COMES NOW, Plaintiff, by and through counsel Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and hereby presents Plaintiff's Motion seeking a preliminary and permanent order enjoining the Defendant, their officers, agents, servants, attorneys, and all persons in active concert or participation with Defendants, who receive actual notice of the injunction by personal service; and seeking the cost of litigation. The Plaintiff asks that this Court schedule a hearing on the instant matter as soon as this Court's calendar permits. Plaintiff will suffer irreparable harm if this court does not act. Plaintiff's position is set forth in the accompanying memorandum of points and authorities.

                                        Respectfully submitted,

           _____/s/_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
Counsel for Plaintiff

2

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____
                                                    :
**LORRIE SINCLAIR**                    :
**25909 Rickmansworth Lane**    :
**Southriding, VA 20152**             :
                                                    :
                                                    :
           **Plaintiff,**                          :
                                                    :
     v.                                             :        **JURY DEMAND**
                                                    :
**ZETA PHI BETA SORORITY, INC.**  :
**1734 New Hampshire Avenue, N.W.** :
**Washington, DC 20009**                    :
                                                    :
           **Defendant**                       :
_____ :

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY AND PERMANENT INJUNCTION

COMES NOW, Plaintiff, by and through counsel Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and hereby presents this Memorandum of Points and Authorities in support of Plaintiff's Motion seeking seeking a preliminary and permanent order enjoining the Defendant, their officers, agents, servants, attorneys, and all persons in active concert or participation with Defendants, who receive actual notice of the injunction by personal service; and seeking the cost of litigation. The Plaintiff asks that this Court schedule a hearing on the instant matter as soon as this Court's calendar permits. Plaintiff will suffer irreparable harm if this court does not act.

### STATEMENT OF FACTS

Plaintiff , is an member of Zeta Phi Beta Sorority. On July 2, 2008, she was present during the proceedings of the 2008 Grand Boule, of Zeta Phi Beta Sorority, properly convened in Las Vegas, Nevada. Zeta Phi Beta Sorority is a non profit corporation organized founded in 1920 under the laws of the District of Columbia with international headquarters located at: 1734 New Hampshire Avenue, N.W., Washington, D.C. 20009.The constitution and bylaws of Zeta Phi Beta Sorority provide for the election of national officers during the Grand Boule (Article VI, Section 2A).Officers elected during the Grand Boule are to be installed prior to the close of the Grand Boule session (Article III, Section 3).The 2008 Grand Boule was scheduled to end today on July 3, 2008. Plaintiff served as a member of the national election committee during the 2008 Grand Boule proceedings.

On July 2, 2008 the national elections committee presented the following elections results for the slate of candidates: Office of Undergraduate at large – Jackson 329 votes, Atkins 614 votes and Baker 655 votes. Office of International Grand Basileus – Hollingsworth 133 votes, Bowles 304 votes, Sawyer 578 votes and Underwood 605 votes. During the presentation of the election results, the election committee failed to provide sufficient information to determine the winning candidate in each category. The Zeta Phi Beta Sorority Constitution and Bylaws is silent as to the margin required to select a winner when multiple candidates are seeking election to a contested position.

The Constitution and Bylaws govern the proceedings of Zeta Phi Beta and is subject to Robert's Rules of Order, newly revised when the Constitution and Bylaws are silent on an issue. (Article II, Section 2) Robert's Rules of Order provides that a plurality vote that is not a majority never elects anyone to office except by special rule (Robert's Rules of

Order, 10th edition pg. 391-392) Zeta Phi Beta has not **adopted** such a special rule. Robert's Rules of Order provides that officers must elected by a majority vote (Robert's Rules of Order, 10th edition), page 427. Based upon the election results there is no candidate for either the position of International Grand Basileus or Undergraduate Member at Large that has achieved a majority vote.

Robert's Rules of Order provides that in such a case a run off election should be held until an individual candidate receives a majority vote, (Robert's Rules of Order, 10th edition), page 427. Zeta Phi Beta has refused to follow Constitution and Bylaws and Robert's Rules of Order for both the positions of International Grand Basileus or Undergraduate Member at Large. Today, July3, 2008, there was a Point of Order properly on the floor that stated there is a runoff situation and there is a need to have the election completed. There was discussion on the Point of Order and the Chair, stated that she was not going to force a runoff. She then, on her on motion, illegally adjourned the 2008 Grand Boule of Zeta Phi Beta Sorority. Under the Constitution and bylaws a Chair cannot make such a motion. Moreover, a motion to adjourn the 2008 Grand Boule of Zeta Phi Beta must be seconded and discussion and vote by the body to approve the motion to adjourn the 2008 Grand Boule must be taken.

Plaintiff and others members very concerned that the Chair and the Board of Directors will illegally install both the positions of International Grand Basileus or Undergraduate Member at Large without approval of the body are required by the Constitution and Bylaws and Robert's Rules of Order. This is the first time since the founding of Zeta Phi Beta Sorority that the Grand Boule has been illegally adjourned. This is the first time since the founding of Zeta Phi Beta Sorority that the election results

have not been approved by the body before the Grand Boule has been adjourned. The plaintiff an other members will be would suffer irreparable injury if the injunction is not granted if the Defendant is allowed to illegally install both the positions of International Grand Basileus or Undergraduate Member at Large without approval of the body are required by the Constitution and Bylaws and Robert's Rules of Order as they did not receive a majority vote.

## ARGUMENT

The issuance of a preliminary injunction requires consideration of four factors: (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. *Mova Pharm. Corp. v. Shalala*, 329 U.S. App. D.C. 341, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 313 U.S. App. D.C. 178, 58 F.3d 738, 746 (D.C. Cir. 1995)); *see also World Duty Free Americas, Inc. v. Summers*, 94 F. Supp. 2d 61, 64 (D.D.C. 2000). It is particularly important for the movant to demonstrate a substantial likelihood of success on the merits. *Cf. Benten v. Kessler*, 505 U.S. 1084, 1085, 120 L. Ed. 2d 926, 112 S. Ct. 2929 (1992) (per curiam). Indeed, absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F. Supp. 2d 114, 140 (D.D.C. 1999) (internal quotation omitted). The four factors should be balanced on a sliding scale, and a party can compensate for a lesser showing on one factor by making a very strong showing on another factor. *CSX Transportation, Inc. v. Williams*, 406 F.3d

667 (D.C. Cir. 2005) (citing *CityFed Fin. Corp.*, 58 F.3d at 747). "An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." *CityFed Fin. Corp.*, 58 F.3d at 747. Here, all of these factors tip the balance in favor of the Plaintiff. Plaintiff seeks a preliminary injunction against the Defendant enjoining the Defendant from illegally install both the positions of International Grand Basileus or Undergraduate Member at Large without approval of the body are required by the Constitution and Bylaws and Robert's Rules of Order as they did not receive a majority vote.

I. **THERE IS A SUBSTANTIAL LIKELIHOOD THAT PLAINTIFF WILL SUCCEED ON THE MERITS OF ITS CLAIM BECAUSE THE DEFENDANT HAS FILED TO FOLLOW IT'S OWN CONSTITUTION AND BYLAWS.**

Under District of Columbia law "courts ordinarily will not interfere with the management and internal affairs of a voluntary association."Levant v. Whitley, 755 A.2d 1036, 1043 (D.C. 2000) (quoting Avin v. Verta, 106 A.2d 145, 147 (D.C. 1954)); see also NAACP v. Golding, 679 A.2d 554, 558 (Md. 1996) ("as a general rule, courts will not interfere in the internal affairs of a voluntary membership organization")."[W]hen a party comes into court for relief [in such situations] it is incumbent upon [her] to show the existence of facts to justify the interference of the court." United States ex rel. de Yturbide v. Metropolitan Club, No. 652, 1897 WL 17732, at *13 (D.C. June 9, 1897). However, in Levant, the District of Columbia Court of Appeals opined, "that intervention would be appropriate when an organization failed to follow its own rules." Id. at1044; see

5

id. at 1043-44 n. 11 (summarizing state of the law in the District of Columbia and elsewhere).

In this case, the Defendant has failed to follow, the Constitution and Bylaws govern the proceedings of Zeta Phi Beta and is subject to Robert's Rules of Order, newly revised when the Constitution and Bylaws are silent on an issue. (Article II, Section 2) Robert's Rules of Order provides that a plurality vote that is not a majority never elects anyone to office except by special rule (Robert's Rules of Order, 10th edition pg. 391-392) Zeta Phi Beta has not **adopted** such a special rule. Robert's Rules of Order provides that officers must elected by a majority vote (Robert's Rules of Order, 10th edition), page 427. Based upon the election results there is no candidate for either the position of International Grand Basileus or Undergraduate Member at Large that has achieved a majority vote.

Robert's Rules of Order provides that in such a case a run off election should be held until an individual candidate receives a majority vote, (Robert's Rules of Order, 10th edition), page 427. Zeta Phi Beta has refused to follow Constitution and Bylaws and Robert's Rules of Order for both the positions of International Grand Basileus or Undergraduate Member at Large. Today, July3, 2008, there was a Point of Order properly on the floor that stated there is a runoff situation and there is a need to have the election completed. There was discussion on the Point of Order and the Chair, stated that she was not going to force a runoff. She then, on her on motion, illegally adjourned the 2008 Grand Boule of Zeta Phi Beta Sorority. Under the Constitution and bylaws a Chair cannot make such a motion. Moreover, a motion to adjourn the 2008 Grand Boule of Zeta Phi Beta must be seconded and discussion and vote by the body to approve the motion to adjourn the 2008 Grand Boule must be taken.

Plaintiff and others members very concerned that the Chair and the Board of Directors will continue to violate the Constitution and Bylaws and Robert's Rules of Order and illegally install both the positions of International Grand Basileus or Undergraduate Member at Large without approval of the body are required by the Constitution and Bylaws and Robert's Rules of Order. This is the first time since the founding of Zeta Phi Beta Sorority that the Grand Boule has been illegally adjourned. This is the first time since the founding of Zeta Phi Beta Sorority that the election results have not been approved by the body before the Grand Boule has been adjourned.

II. **PLAINTIFF'S IRREPARABLE INJURY OUTWEIGHS DEFENDANTS' AS YET UNSUBSTANTIATED INJURY WHEN CONSIDERING A BALANCE OF HARMS.**

In this case, the Defendant has failed to follow it's own Constitution and Bylaws. In the Affidavit of Lorrie Sinclair she states the following:

1. I am a member of Zeta Phi Beta Sorority.

2. On July 2, 2008, I was present during the proceedings of the 2008 Grand Boule, of Zeta Phi Beta Sorority, properly convened in Las Vegas, Nevada.

3. Zeta Phi Beta Sorority is a non profit corporation organized founded in 1920 under the laws of the District of Columbia with international headquarters located at: 1734 New Hampshire Avenue, N.W., Washington, D.C. 20009.

4. The constitution and bylaws of Zeta Phi Beta Sorority provide for the election of national officers during the Grand Boule (Article VI, Section 2A).

5. Officers elected during the Grand Boule are to be installed prior to the close of the Grand Boule session (Article III, Section 3).

6. The 2008 Grand Boule is scheduled to end today on July 3, 2008.

7. I served as a member of the national election committee during the 2008 Grand Boule proceedings.

8. On July 2, 2008 the national elections committee presented the following elections results for the slate of candidates: Office of Undergraduate at large – Jackson 329 votes, Atkins 614 votes and Baker 655 votes. Office of International Grand Basileus – Hollingsworth 133 votes, Bowles 304 votes, Sawyer 578 votes and Underwood 605 votes.

9. During the presentation of the election results, the election committee failed to provide sufficient information to determine the winning candidate in each category.

10. The Zeta Phi Beta Sorority Constitution and Bylaws is silent as to the margin required to select a winner when multiple candidates are seeking election to a contested position.

11. The Constitution and Bylaws govern the proceedings of Zeta Phi Beta and is subject to Robert's Rules of Order, newly revised when the Constitution and Bylaws are silent on an issue. (Article II, Section 2)

12. Robert's Rules of Order provides that a plurality vote that is not a majority never elects anyone to office except by special rule (Robert's Rules of Order, 10th edition pg. 391-392)

13. Zeta Phi Beta has not **adopted** such a special rule

14. Robert's Rules of Order provides that officers must elected by a majority vote (Robert's Rules of Order, 10th edition), page 427.

15. Based upon the election results there is no candidate for either the position of International Grand Basileus or Undergraduate Member at Large that has achieved a majority vote.

16. Robert's Rules of Order provides that in such a case a run off election should be held until an individual candidate receives a majority vote, (Robert's Rules of Order, 10th edition), page 427.

17. Zeta Phi Beta has refused to follow Constitution and Bylaws and Robert's Rules of Order for both the positions of International Grand Basileus or Undergraduate Member at Large.

18. Zeta Phi Beta illegally

19. There was a Point of Order properly on the floor that state there is a runoff situation and there is a need to have the election completed. There was discussion on the Point of Order and the Chair, stated that she was not going to force a runoff. She then on her on motion, illegally adjourned the 2008 Grand Boule of Zeta Phi Beta Sorority. Under the Constitution and bylaws a Chair cannot make

such a motion. Moreover, a motion to adjourn the 2008 Grand Boule of Zeta Phi Beta must be seconded and discussion and vote by the body to approve the motion to adjourn the 2008 Grand Boule must be taken.

20. I am very concerned that the Chair and the Board of Directors will illegally install both the positions of International Grand Basileus or Undergraduate Member at Large without approval of the body are required by the Constitution and Bylaws and Robert's Rules of Order.

21. This is the first time since the founding of Zeta Phi Beta Sorority that the Grand Boule has been illegally adjourned.

22. This is the first time since the founding of Zeta Phi Beta Sorority that the election results have not been approved by the body before the Grand Boule has been adjourned. (Exhibit #1)

Again, under District of Columbia law "courts ordinarily will not interfere with the management and internal affairs of a voluntary association."Levant v. Whitley, 755 A.2d 1036, 1043 (D.C. 2000) However, in Levant, the District of Columbia Court of Appeals opined, "that intervention would be appropriate when an organization failed to follow its own rules." Id. at1044. The instant case is a case for such intervention as the Defendant has failed to follow it on rules.

### III. THE PUBLIC INTEREST IS SERVED BY GRANTING INJUNCTIVE RELIEF

Zeta Phi Beta Sorority is an international sorority. Plaintiff and other members are very concerned that the Defendant will continue to violate the Constitution and Bylaws and Robert's Rules of Order and illegally install both the positions of International Grand Basileus or Undergraduate Member at Large without approval of the body are required by the Constitution and Bylaws and Robert's Rules of Order. This is the first time since the founding of Zeta Phi Beta Sorority that the Grand Boule has been illegally

9

adjourned. This is the first time since the founding of Zeta Phi Beta Sorority that the election results have not been approved by the body before the Grand Boule has been adjourned. Again, under District of Columbia law "courts ordinarily will not interfere with the management and internal affairs of a voluntary association."Levant v. Whitley, 755 A.2d 1036, 1043 (D.C. 2000) However, in Levant, the District of Columbia Court of Appeals opined, "that intervention would be appropriate when an organization failed to follow its own rules." Id. at1044. The instant case is a case for such intervention as the Defendant has failed to follow it on rules.

## CONCLUSION

The Plaintiff has shown that the balance of irreparable harms tips in Plaintiff's favor. Further, there is sufficient likelihood of success on the merits of the underlying dispute. Lastly, preliminary injunction serves the public interest. As a result, this court must grant a preliminarily injunction and permanently enjoin the Defendant.

_____/s/_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
Counsel for Plaintiff

Affidavit In Support of Motion for Temporary Restraining Order
And Injunctive Relief

I, Lori Sinclair, am an attorney and I am over the age of 18 years old, based upon personal knowledge do solemnly swear to the following under penalty of perjury on this day July 3, 2008:

1. I am a member of Zeta Phi Beta Sorority.

2. On July 2, 2008, I was present during the proceedings of the 2008 Grand Boule, of Zeta Phi Beta Sorority, properly convened in Las Vegas, Nevada.

3. Zeta Phi Beta Sorority is a non profit corporation organized founded in 1920 under the laws of the District of Columbia with international headquarters located at: 1734 New Hampshire Avenue, N.W., Washington, D.C. 20009.

4. The constitution and bylaws of Zeta Phi Beta Sorority provide for the election of national officers during the Grand Boule (Article VI, Section 2A).

5. Officers elected during the Grand Boule are to be installed prior to the close of the Grand Boule session (Article III, Section 3).

6. The 2008 Grand Boule is scheduled to end today on July 3, 2008.

7. I served as a member of the national election committee during the 2008 Grand Boule proceedings.

8. On July 2, 2008 the national elections committee presented the following elections results for the slate of candidates: Office of Undergraduate at large – Jackson 329 votes, Atkins 614 votes and Baker 655 votes. Office of International Grand Basileus – Hollingsworth 133 votes, Bowles 304 votes, Sawyer 578 votes and Underwood 605 votes.

9. During the presentation of the election results, the election committee failed to provide sufficient information to determine the winning candidate in each category.

10. The Zeta Phi Beta Sorority Constitution and Bylaws is silent as to the margin required to select a winner when multiple candidates are seeking election to a contested position.

11. The Constitution and Bylaws govern the proceedings of Zeta Phi Beta and is subject to Robert's Rules of Order, newly revised when the Constitution and Bylaws are silent on an issue. (Article II, Section 2)

1

12. Robert's Rules of Order provides that a plurality vote that is not a majority never elects anyone to office except by special rule (Robert's Rules of Order, 10th edition pg. 391-392)

13. Zeta Phi Beta has not **adopted** such a special rule

14. Robert's Rules of Order provides that officers must elected by a majority vote (Robert's Rules of Order, 10th edition), page 427.

15. Based upon the election results there is no candidate for either the position of International Grand Basileus or Undergraduate Member at Large that has achieved a majority vote.

16. Robert's Rules of Order provides that in such a case a run off election should be held until an individual candidate receives a majority vote, (Robert's Rules of Order, 10th edition), page 427.

17. Zeta Phi Beta has refused to follow Constitution and Bylaws and Robert's Rules of Order for both the positions of International Grand Basileus or Undergraduate Member at Large.

18. There was a Point of Order properly on the floor that state there is a runoff situation and there is a need to have the election completed. There was discussion on the Point of Order and the Chair, stated that she was not going to force a runoff. She then on her on motion, illegally adjourned the 2008 Grand Boule of Zeta Phi Beta Sorority. Under the Constitution and bylaws a Chair cannot make such a motion. Moreover, a motion to adjourn the 2008 Grand Boule of Zeta Phi Beta must be seconded and discussion and vote by the body to approve the motion to adjourn the 2008 Grand Boule must be taken.

19. I am very concerned that the Chair and the Board of Directors will illegally install both the positions of International Grand Basileus or Undergraduate Member at Large without approval of the body are required by the Constitution and Bylaws and Robert's Rules of Order.

20. This is the first time since the founding of Zeta Phi Beta Sorority that the Grand Boule has been illegally adjourned.

21. This is the first time since the founding of Zeta Phi Beta Sorority that the election results have not been approved by the body before the Grand Boule has been adjourned.

*Lorrie Sinclair*